UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL LITTLEPAGE,
    Plaintiff,

vs

JUDGE MICHAEL BARRETT,
    Defendant.

Case No. 1:20-cv-800

Cole, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. *See Littlepage v. Warden*, 16-cv-1005 (S.D. Ohio).[1] District Judge Barrett denied the petition, and plaintiff filed an application for a certificate of appealability in the Sixth Circuit, which the Court denied on November 19, 2020. In the instant case, plaintiff seeks leave to proceed *in forma pauperis* (Doc. 1) in connection with a separate, independent action under Fed. R. Civ. P. 60(d)(3), alleging fraud on the court in the denial of his habeas corpus petition. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I.    Screening the Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

---

[1]Although petitioner does not provide the number of his federal habeas corpus case, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

      Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

2

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.      Plaintiff's Complaint under Rule 60(d)(3)**

In *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011), the Sixth Circuit described the nature of an independent action under Rule 60(d). The Court explained:

> Rule 60 of the Federal Rules of Civil Procedure provides for "Relief from a Judgment or Order" by motion (Part (b)) or by independent action (Part (d)). Part (d) is commonly referred to as Rule 60's "savings clause" and states: "This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(d)(1). Although such actions arise infrequently, we have had occasion to elaborate:
>
> > At this point it will also be beneficial to clarify the nature of plaintiff's action. Plaintiff continually asserts that this is an independent action 'pursuant to Rule 60[(d)].' This is not entirely accurate. Rule 60[(d)] merely provides, in relevant part [that] '[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, .

3

> . . or to set aside a judgment for fraud upon the court.' According to Wright and Miller, 'the reference to 'independent action' in the saving clause is to what had been historically known simply as an independent action in equity to obtain relief from a judgment.' 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237–38 (1973).
>
> *Barrett v. Sec'y of Health & Human Servs.,* 840 F.2d 1259, 1262-63 (6th Cir. 1987). Nonetheless, "[w]here the adverse party is not prejudiced[,] an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 81 n.7 (5th Cir. 1970); *accord* 11 Wright, Miller & Kane, Federal Practice & Procedure § 2868 n.30, at 405 (1995).

*Mitchell*, 651 F.3d at 594–95 (footnote omitted). Rule 60(d)(3) allows courts to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

The "indispensable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett,* 840 F.2d at 1263 (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38). *See also Mitchell*, 651 F.3d at 595. Additionally, independent actions under Rule 60(d) are reserved for cases "of unusual and exceptional circumstances." *Barrett*, 840 F.2d at 1263 (citing *Rader v. Cliburn,* 476 F.2d 182, 184 (6th Cir.1973) (per curiam)). They are "available only to prevent a grave miscarriage of justice." *Mitchell*, 651 F.3d at 595. In the context of a habeas corpus case, "to establish that relief is required to prevent a grave miscarriage of justice, [the litigant] must make a strong showing of actual innocence." *Id*. at 595-96 (citing *Calderon v. Thompson,* 523 U.S. 538, 557–58 (1998) (holding that "avoiding a

4

miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence")).

In his complaint, plaintiff asserts that Judge Barrett committed fraud on the court by denying plaintiff's habeas corpus petition because the ruling allowed the trial court's bias against plaintiff to go uncorrected. (*See* Doc. 1-1, at PageID 14-15). Plaintiff is not entitled to bring an independent action under Rule 60(d) to remedy such a claim. First, a dissatisfied habeas petitioner may seek a certificate of appealability in the federal court of appeals. *See* Rule 11 of the Rules Governing § 2254 Proceedings. Plaintiff availed himself of this remedy. Next, in denying his application for a certificate of appealability, the Sixth Circuit found that plaintiff's allegations of trial-court bias were insufficiently developed in his habeas petition. *See Littlepage*, 16-cv-1005 (Doc. 40, at PageID 1498) (containing a copy of the Sixth Circuit's Order denying plaintiff a certificate of appealability). Accordingly, plaintiff had avenues available to him to raise the claim he now seeks to assert in his Rule 60(d)(3) action, but he failed to properly avail himself of them. Under these circumstances, plaintiff cannot establish that he has been subjected to a "grave miscarriage of justice." *Mitchell*, 651 F.3d at 599.

Plaintiff also has failed to make a strong showing of actual innocence, which Supreme Court precedent requires a habeas petitioner to demonstrate before proceeding with a Rule 60(d) independent action. *See Calderon*, 523 U.S. at 557-58.

Additionally, plaintiff's lawsuit is barred by the doctrine of judicial immunity because Judge Barrett's ruling in plaintiff's habeas corpus action was taken in the course of Judge Barrett's judicial capacity and was not committed in the complete absence of all jurisdiction.

*See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (finding that judicial immunity is an immunity from suit, not just immunity from the assessment of money damages).

Finally, "Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits." *Williams v. Dormire*, No. 4:10CV1660CAS, 2010 WL 3733862, at *3 (E.D. Mo. Sept. 20, 2010) (citing quoting *Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005)). To the extent plaintiff's Rule 60(d) action constitutes a second or successive habeas petition, plaintiff must seek permission from the Sixth Circuit to pursue the action. *See* 28 U.S.C. § 2244(B)(3)(A); *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013).

Accordingly, in sum, it is **RECOMMENDED** that plaintiff's Rule 60(d)(3) independent action be **DISMISSED with prejudice**. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Rule 60(d)(3) independent action be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/23/2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL LITTLEPAGE,                         Case No. 1:20-cv-800
     Plaintiff,

                                                      Cole, J.
vs                                                  Litkovitz, M.J.

JUDGE MICHAEL BARRETT,
     Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).