UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DANIEL LITTLEPAGE,**

    **Plaintiff,**

    v.

**JUDGE MICHAEL BARRETT,**

    **Defendant.**

**Case No. 1:20-cv-800**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## OPINION AND ORDER

This cause comes before the Court on Magistrate Judge Litkovitz's November 24, 2020, Report and Recommendation ("R&R") (Doc. 7). The R&R recommends the Court dismiss this matter with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 7, #85[1]). The R&R also recommends that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith. (*Id.*). Plaintiff Daniel Littlepage objected (Doc. 9) on January 11, 2021.

For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 7), **DISMISSES** this action **WITH PREJUDICE**, and **CERTIFIES** that an appeal of this Order would not be taken in good faith.

## BACKGROUND

Daniel Littlepage was indicted by the Hamilton County grand jury on July 26, 2013, on one count of murder and one count of aggravated murder, both with firearm specifications. *Littlepage v. Jenkins,* No. 1:16-cv-1005, 2020 WL 6508724, at *1 (S.D.

---

[1] Refers to PageID #.

Ohio Dec. 20, 2017).[2] In January 2014, Littlepage pled guilty to the aggravated murder charge and one firearm specification pursuant to a plea agreement. The court sentenced him to life imprisonment with the possibility of parole at twenty years. *Id.* at *1–2. He also received a three-year term for the firearm specification, which the state court ordered him to serve consecutive to the murder sentence. *Id.* In October 2014, the First District Court of Appeals granted his motion for delayed direct appeal and appointed counsel to represent him. *Id.* However, the First District ultimately affirmed Littlepage's conviction. *Id.* at *2. The Ohio Supreme Court declined to hear the case. *Id.*

After making further attempts to obtain relief in Ohio state court, Littlepage filed a Petition for Writ of Habeas Corpus ("Habeas Petition") in this Court on January 26, 2017. *Id.* at *1. In the Habeas Petition, Littlepage argued that he

> was failed by the system itself; including to a great extent, the courts (especially [his] trial Judge, Hamilton County Common Pleas Court Judge, Norbert Nadel; who showed bias and prejudice against [him] in a number of rulings, Orders, and denials)[.]

(Habeas Pet. at 6, *Littlepage v. Jenkins*, No. 1:16-cv-1005 (S.D. Ohio Jan. 26, 2017)). On July 13, 2020, Judge Barrett of this Court dismissed Littlepage's Habeas Petition with prejudice. *Littlepage v. Warden*, No. 1:16-cv-1005, 2020 WL 3957940, at *6 (S.D. Ohio July 13, 2020). Littlepage applied for a certificate of appealability, which the Sixth Circuit denied on November 19, 2020. *Littlepage v. Shoop*, No. 20-3890, 2020

---

[2] Although Littlepage does not provide the number of his federal habeas corpus case, "a district court is permitted to take judicial notice of its own files and records in a habeas proceeding." *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006).

WL 8618193 (6th Cir. Nov. 19, 2020). The Supreme Court denied Littlepage's Petition for a Writ of Certiorari on October 4, 2021. *Littlepage v. Shoop*, No. 20-8407, 2021 WL 4508401 (U.S. Oct. 4, 2021).

In addition to filing a cert petition, Littlepage also submitted his Complaint in the instant case against Judge Barrett on October 8, 2020.[3] (Doc. 6). Littlepage purports to bring this action under Fed. R. Civ. P. 60, which allows a party to seek relief from a judgment or order, either by motion or through an independent action. (Compl., Doc. 6, #62). Specifically, Littlepage points to Fed. R. Civ. P. 60(d), which states that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Littlepage argues that Judge Barrett, in denying his Habeas Petition, "made himself an Active participant in committing Fraud Upon The Court by Intentionally Covering Up Judge Norbert A. Nadel's Structural Error, Fraud Upon the Court, Corruption and more." (Compl., Doc. 6, #63).

Littlepage filed his action pro se and in forma pauperis. Two results follow from that. First, by local rule, the matter is assigned to a Magistrate Judge. Second, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Magistrate Judge must screen the complaint for frivolousness. Here, after performing the required screening, the assigned Magistrate Judge filed an R&R (Doc. 7) on November 24, 2020, in which she recommends that this Court dismiss the Complaint with prejudice. Littlepage objected (Doc. 9), and the Court reviews his objections below.

---

[3] Although Littlepage submitted his Complaint (Doc. 6) on October 8, 2020, it was not entered on the docket until November 24, 2020, when his Motion for Leave to Proceed in forma pauperis (Doc. 1) was granted.

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. U.S.*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, the litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

The R&R recommends the Court dismiss this matter with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 7, #85). Although Littlepage

4

argues that the Court should reject the R&R, he fails to offer any objections that the Court can consider at this stage of the proceedings.

To start, some of Littlepage's purported objections are too general for the Court to review. For example, he alleges that, in reaching her conclusions, Magistrate Judge Litkovitz "tacitly conspired" with Judge Barrett and Magistrate Judge Merz (who issued a Report & Recommendation in the prior habeas proceeding) "by mischaracterizing the Evidence or refusing to address it altogether." (Obj., Doc. 9, #91). He also argues that "Magistrate Judge Litkovitz makes no attempt in her lacking [R&R] to dispute the Indisputable Evidence that Exhibit 'A' Constitutes."[4] (*Id.* at #93). Because these statements offer only vague, generalized arguments, the Court cannot consider them here.

To be fair, Littlepage offers a few arguments that are slightly more specific. But once again they do not seem directed at any identifiable portion of the R&R. For example, Littlepage appears to argue that the R&R did not properly apply the structural-error doctrine. (Obj., Doc. 9, #91). But he does not explain where in the R&R this purported error occurred. To the contrary, it appears that he lifted his entire discussion of the structural-error doctrine in his Objections almost verbatim from his Complaint. (*Compare* Obj., Doc. 9, #91 *with* Compl., Doc. 6, #70–1). That is a problem because a litigant is required to object *to the R&R,* not merely rehash arguments the litigant previously made in the proceedings. *See Richards*, 2013 WL 5487045, at *1 (finding no proper objection where plaintiff only repeated the same

---

[4] "Exhibit 'A'" refers to an order Judge Nadel issued on June 10, 2014 denying Littlepage's motion for leave to file delayed appeal. (Compl., Doc. 6, #78).

5

arguments made in earlier briefing rather than identifying specific errors in the R&R). He also alleges that Magistrate Judge Litkovitz violated Rule 2.15 of the Code of Judicial Conduct. (Obj., Doc. 9, #94). But this argument is also unresponsive to the R&R, and thus does not constitute a proper objection.

Accordingly, because Littlepage fails to identify any issues in the R&R to which he objects with sufficient clarity that the Court can identify them, the Court finds the R&R is essentially unobjected.

That is not necessarily the end of the matter, though. The Advisory Committee notes to Rule 72(b) of the Federal Rules of Civil Procedure suggest that, even when no party objects to an R&R, the Court should still review the R&R for clear error. The Court has done so here, and concludes that no clear error has occurred.

Because Littlepage brings his action under Fed. R. Civ. P. 60(d)(3) in connection with his Habeas Petition, he must meet numerous restrictions before his action can proceed. Littlepage falls short on several fronts.

First, because a Rule 60(d) action is "available only to prevent a grave miscarriage of justice," a plaintiff may not bring such an action when he or she previously had other opportunities to raise his or her claims. *Mitchell v. Rees*, 651 F.3d 593, 598–99 (6th Cir. 2011). In this case, Littlepage was free to appeal the court's earlier denial of his Habeas Petition to the Sixth Circuit—a remedy he pursued when he applied for a certificate of appealability in the previous matter. To be sure, the Sixth Circuit denied that application, finding that Littlepage's "allegations of trial-court bias were insufficiently developed in his habeas petition." (R&R, Doc. 7, #84).

But his failure to develop his claims in the earlier proceeding (if he could have) does not mean he did not have an opportunity to do so. Rather, as the R&R correctly concluded, Littlepage "had avenues available to him to raise the claim he now seeks to assert in his Rule 60(d)(3) action, but he failed to properly avail himself of them." (*Id.*).

Second, a plaintiff advancing a Rule 60(d)(3) action in connection with a habeas petition must "make a strong showing of actual innocence." *Mitchell*, 651 F.3d at 596. Littlepage makes no such showing, either in his Complaint or in any of the other filings in the instant matter. Thus, his Rule 60(d)(3) action fails.

Finally, Rule 60 motions challenging the denial of habeas relief are subject to restrictions on second or successive habeas petitions. "[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court …, then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Here, Littlepage seeks a new trial on his state murder charges, alleging that Judge Barrett was "a [c]o-Conspirator" with Court of Common Pleas Judge Nadel in committing fraud on the court. (Compl., Doc. 6, #65). Thus, to address the allegations against Judge Barrett, the Court would also need to adjudicate Littlepage's underlying allegations of fraud on the state court. Accordingly, his Complaint in this case amounts to a second or successive habeas petition, which the Court cannot consider without leave from the Sixth Circuit.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 7) and **DISMISSES** this action **WITH PREJUDICE** pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b)(1). The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

  **SO ORDERED.**

November 12, 2021
**DATE**

          **DOUGLAS R. COLE**
          **UNITED STATES DISTRICT JUDGE**